UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 08-507-KKC

WILLIE R. MEADS,                                                                                    PLAINTIFF

V.                                **MEMORANDUM ORDER**

GEORGIA PACIFIC CORP., ET AL.,                               DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On November 12, 2008, plaintiff Willie R. Meads, *pro se*, filed this action in Fayette Circuit Court (08-CI-5749) against the defendant Georgia Pacific Corporation ("Georgia Pacific"), his former employer, alleging that he had been subjected to racial discrimination, a hostile work environment, and retaliation, while an employee of Georgia Pacific, and that Georgia Pacific had wrongfully terminated his employment.

Plaintiff seeks compensatory damages, punitive damages, reinstatement to his job title and position with Georgia Pacific, and his costs.

On December 12, 2008, defendant Georgia Pacific removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. § 1441.

This matter is before the court on the defendants' motion to compel discovery from the plaintiff [DE #73], which was heard in open court on July 14, 2009.[1]

## II. DEFENDANTS' MOTION TO COMPEL DISCOVERY

On June 19, 2009, in responding to plaintiff's motions dated April 27, 2009, and May 1, 2009, defendants moved to compel discovery from the plaintiff. Specifically, defendants moved to compel plaintiff to supplement his answers to various Interrogatories and Requests for Production

---

[1] Pursuant to numerical paragraph 7 of the Scheduling Order entered herein on February 6, 2009, this case was referred to the Magistrate Judge to manage discovery and to resolve all discovery disputes. See DE #16.

of Documents and to execute releases concerning plaintiff's medical information. [DE #73]. As the Magistrate Judge explained in his rulings from the bench regarding defendants' motion to compel discovery, the motion is granted in part and denied in part, as summarized below:

**A.      Interrogatories**

**Interrogatory No. 1**: This interrogatory asked plaintiff to give his first name (including nickname(s) and/or any aliases), current address and telephone number, date and place of birth, social security number, driver's license number (including state of issuance), marital status, and the names of all persons with whom he had lived during the past five (5) years.

Plaintiff simply responded to this interrogatory with the following answer:

> **ANSWER:**
> 1. Emma S. Meads      wife
>    Kareem E. Smith        grandson
>    All other requested information is unnecessary

Defendants assert that plaintiff is obligated to supplement his answer to this interrogatory because they are entitled to discover information responsive thereto, which seeks basic personal information about the plaintiff. Defendants note that although plaintiff objects to this Interrogatory's request for names of persons with whom he has lived, he still has failed to respond to the remaining requested information and offers no objection or explanation for such failure to respond. Defendants contend that the requested information is reasonably calculated to lead to the discovery of admissible evidence, including evidence that may be relevant to plaintiff's claims of the cause of his alleged emotional distress.

The Magistrate Judge concludes that defendants' argument has merit. Defendants' motion to compel plaintiff to supplement his answer to this interrogatory is granted. With the exception of providing the defendants with his social security number, plaintiff is directed to supplement his answer to this interrogatory and provide defendants with all of the other information requested by this interrogatory.

**Interrogatory No. 6**: This interrogatory seeks information about plaintiff's employment history. Specifically, it asked him to identify all positions in which he had worked in the past 20 years, including the name and address of each employer, the title of his position, his job duties, where the job duties were performed, the name and last known address of all supervisors to whom he reported, whether he had ever been disciplined (and if so, the nature of such discipline), the dates of employment for each position, and whether his separation from the position was voluntary or involuntary.

Plaintiff answered this interrogatory generally, but did not provide all of the detailed information requested in all of the subparts to this interrogatory. Plaintiff argues that the scope of this interrogatory is too broad and that it should be limited as to time. Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that this answer is sufficient and need not be supplemented. Defendants' motion to compel is denied insomuch as it requests plaintiff to supplement his answer thereto.

**Interrogatory No. 11**: This interrogatory seeks information concerning plaintiff's medical history. Specifically, it asks plaintiff to identify all of his health care providers or health care facilities from whom he has received treatment for the past twenty (20) years.

Plaintiff answered this interrogatory by stating that Dr. Robert Martin in Georgetown, Kentucky, had been his family doctor for twenty (20) years, and plaintiff identified Georgetown Medical Center as a health care facility that had treated him. However, plaintiff did not answer this interrogatory in the detail that was requested by the subparts to this interrogatory.

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that this answer is sufficient and need not be supplemented. However, plaintiff is directed to execute releases, including a release of his medical records from the Veterans Administration, so that the defendants can independently obtain copies of his medical records from plaintiff's health care providers for the past twenty (20) years. Thus, defendants' motion to compel is granted to the extent

that plaintiff is directed to execute medical releases. The medical records that the defendants obtain from plaintiff's health care providers is confidential and is for "Attorney's Eyes Only."

**Interrogatory No. 12**: This interrogatory seeks information about plaintiff's post-employment compensation.

Plaintiff answered this interrogatory by stating that he had applied for state unemployment benefits, which he should start receiving by the end of February 2009, in the amount of approximately $700 every two weeks. At the hearing on July 14, plaintiff reaffirmed this answer, stating that the state unemployment benefits was the only post-employment compensation he had received subsequent to the termination of this employment with the defendant.

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that this answer is sufficient and need not be supplemented. Defendants' motion to compel is denied to the extent that it seeks additional information.

**Interrogatory No. 13**: This interrogatory asks plaintiff to provide detailed information concerning the damages he has sustained by reason of the defendants' actions in terminating his employment.

In answering this interrogatory, plaintiff stated that he had lost his annual salary of $50,000, medical benefits, and money that would have been paid into his retirement. Plaintiff also stated that his credit had been damaged, that he was behind in mortgage payments, and that he had been embarrassed and humiliated. However, as the defendants point out, plaintiff did not fully answer the interrogatory by specifying the type of damage and describing separately the method of calculation for each type of damage claimed.

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that defendants' argument has merit. Defendants' motion to compel plaintiff to supplement his answer to this interrogatory is granted. Plaintiff is directed to supplement his answer to this interrogatory by specifying the type of damage and describing separately the method of calculation for each type of damage claimed.

**Interrogatory No. 15**: This interrogatory asked plaintiff if he had ever tape-recorded any conversations or meetings with the defendant, its employees or agents, and if so, to state the date of each taping, the locations of the tapes and the names of all persons present.

Plaintiff answered by stating that on the date of his "forced illegal last chance agreement," he recorded his meeting with Guy Keally, John Tate, and James French by calling his home telephone number on his cell phone and letting the answering machine at home record what was said at this meeting.

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that this answer is sufficient and need not be supplemented. Defendants' motion to compel is denied to the extent that it seeks additional information.

**Interrogatory No. 20**: This interrogatory asked plaintiff to identify every individual or entity that he had subpoenaed in this case.

Plaintiff answered by stating that he had not subpoenaed anyone yet but that he would, beginning in April of 2009.

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge advised plaintiff that in the event his answer to an interrogatory changes, he is under a continuing obligation to supplement his answer to that interrogatory and that if he does subpoena anyone or any entity, he must supplement his answer to this interrogatory.

**Interrogatory No. 21**: This interrogatory asked plaintiff if he had ever been a plaintiff, defendant, or witness in any legal proceeding, including bankruptcy. This interrogatory included nine (9) subparts requesting detailed information about the legal proceedings in which plaintiff had been a part.

Plaintiff answered this interrogatory by stating that he had been involved in more than fifty (50) legal proceedings, "mostly small claims and in some cases the plaintiff did not even have to file a complaint."

Upon review of plaintiff's answer to this interrogatory, the Magistrate Judge concludes that this answer is insufficient in that plaintiff did not answer subsections (a)-(i) of this interrogatory.

Defendants' motion to compel is granted, and plaintiff is directed to provide a complete, detailed answer to this interrogatory.[2]

**B.      Requests for Production of Documents**

**Request No. 2:** This request asked for all documents that support, reference or relate to the allegations in paragraph 7 of plaintiff's complaint stating that he "had arguments with white co-workers."

In response, plaintiff stated that he could not provide any documents responsive to this request because he had not taken any depositions yet.

The Magistrate Judge concludes that this response is inadequate. If plaintiff has no documents that support the statements made in paragraph 7 of the complaint, he should state that he has no documents responsive to this document request. As defendants point out, the fact that another party may possess responsive documents does not excuse the plaintiff from producing the responsive documents he possesses.

Defendants' motion to compel is granted to the extent that plaintiff is directed to supplement his response to this document request by either producing the documents he possesses or by stating that he has no responsive documents.

**Request No. 10:** This request asked for all documents that support, reference or relate to the allegations in paragraph 9 of Exhibit 1 to plaintiff's complaint that "all 3 white employees were placed in groups with a long history of running well and good production percentage, while the black petitoner [sic] with all the seniority was placed in a group with a long history of running bad and low percentage turn out."

In response, plaintiff stated: "Documents as to this request will be put into the record by way of employee's depositions."

---

[2] Interrogatory No. 8 essentially seeks the same information as Interrogatory No. 21, except that Interrogatory No. 8 only requests information concerning plaintiff's criminal record. By supplementing his answer to Interrogatory No. 21, plaintiff will also be supplementing his answer to Interrogatory No. 8.

6

The Magistrate Judge concludes that this response is inadequate as it is non-responsive. However, at the hearing on July 14, plaintiff stated that he had no documents responsive to this document request. Thus, defendants' motion to compel is denied as moot since plaintiff has no responsive documents to produce.

**Request No. 16:** This request asked for all documents that support, reference or relate to the allegation that plaintiff has suffered embarrassment and humiliation because of the alleged events in August of 2008, as set forth in Exhibit 2 to the complaint.

In response, plaintiff stated that he did not say that he was embarrassed or humiliated but that he did say that the actions of the defendants' white employees were designed to embarrass and humiliate him.

The Magistrate Judge concludes that this response is inadequate as it is non-responsive. However, at the hearing on July 14, plaintiff stated that he had no documents responsive to this document request. Thus, defendants' motion to compel is denied as moot since plaintiff has no responsive documents to produce.

**Request No. 23:** This request asked for all statements, records or recordings of statements, or any document containing statements taken from any individual, either with or without his/her knowledge, who is or was an employee of the defendant or any of its entities that are related in any way to the subject matter of the complaint.

In response, plaintiff stated that in Kentucky, recordings cannot be used without the knowledge of all parties; therefore, he no longer has any recordings or statements to produce.

The Magistrate Judge concludes that this response is inadequate as it is non-responsive. However, at the hearing on July 14, plaintiff stated that he had no documents responsive to this document request, since the one recording in question had been thrown away and was in the landfill. Thus, defendants' motion to compel is denied as moot since plaintiff has no responsive documents to produce.

**Request No. 56:** This request asked for all documents not already produced that were received from or relate at all to the defendant or any of the defendant's current or former employees.

In response, plaintiff stated that he did not understand the request; therefore, he produced no documents responsive to this request.

The Magistrate Judge concludes that this response is inadequate as it is non-responsive. Defendant's motion to compel is granted to the extent that plaintiff is directed to produce any documents he has that are responsive to this document request.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to compel discovery from the plaintiff [DE #73] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion to compel is granted in respect to Interrogatory Nos. 2, 11, 13, and 21, and Document Request Nos. 2 and 56.

2. The motion to compel is denied in respect to Interrogatory Nos. 6, 12, 15, and 20, and Document Request Nos. 10, 16, and 23.

3. Plaintiff is also directed to execute medical releases so that the defendants can obtain copies of his medical records.

4. Plaintiff's medical records are confidential and are for "Attorney's Eyes Only."

5. Plaintiff is given ten (10) days from the date of this Memorandum Order in which to supplement his responses to defendants' discovery requests, as detailed above.

This 16th day of July, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge