UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-507-KKC

WILLIE R. MEADS,                                                                            PLAINTIFF

V.                                  **MEMORANDUM ORDER**

GEORGIA PACIFIC CORP., ET AL.,                                    DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On November 12, 2008, plaintiff Willie R. Meads, *pro se*, filed this action in Fayette Circuit Court (08-CI-5749) against the defendant Georgia Pacific Corporation ("Georgia Pacific"), his former employer, alleging that he had been subjected to racial discrimination, a hostile work environment, and retaliation, while an employee of Georgia Pacific, and that Georgia Pacific had wrongfully terminated his employment.

Plaintiff seeks compensatory damages, punitive damages, reinstatement to his job title and position with Georgia Pacific, and his costs.

On December 12, 2008, defendant Georgia Pacific removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. § 1441.

This matter is before the court on plaintiff's motion compel discovery from the defendants and for a hearing on same, which plaintiff has styled as his "second" motion to compel discovery from the defendants [DE #85]. This motion has been fully briefed and is ripe for review.[1]

## II. PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Plaintiff's second motion to compel discovery concerns his request for the "entire personnel file of white employee Ms. Vivian Tufono."

---

[1] Pursuant to numerical paragraph 7 of the Scheduling Order entered herein on February 6, 2009, this case was referred to the Magistrate Judge to manage discovery and to resolve all discovery disputes. See DE #16.

In responding to plaintiff's second motion to compel, defendants contend that said motion is premature in that the thirty (30) days in which they had to respond to this discovery request had not expired at the time plaintiff filed the second motion to compel discovery. For these reasons, defendants submit that said motion should be denied.

In reply, plaintiff states that he did not serve a third discovery request to the defendants and that his note to the defendants was made in an effort to avoid having to come back to court with this matter.

**Discussion/Analysis**

In considering this matter, the Magistrate Judge has reviewed "Plaintiff's 2nd Discovery Request And Request for Production of Document," attached as Exhibit A to defendants' response to plaintiff's "second" motion to compel [DE #88]. In this discovery request, plaintiff requests the "entire personnel file of white employee Ms. Vivian Tufono," and at numerical paragraph 3 of this request, plaintiff states: "3. All documents are to be sent to the plaintiff no later than 13 days from the date the defendants receive this request."[2]

Page 2 of "Plaintiff's 2nd Discovery Request And Request for Production of Document" is a Certificate of Service; however, it does not state when it was served to the defendants' counsel; it only states that it was served to defendants' counsel, Ms. Peju Okanlami. Thus, the record is unclear as to when plaintiff served the request and when the defendants received it.

In responding to plaintiff's second motion to compel, defendants state that they received plaintiff's second discovery request at issue on June 24, 2009, and that they responded to same on July 22, 2009, by producing the <u>Last Chance Agreement</u> from Ms. Tufono's personnel file. Defendants state that they took the position that Ms. Tufono's entire personnel file was not relevant but produced disciplinary information contained in that personnel file—the last chance agreement.

---

[2] Irrespective of this demand, plaintiff cannot dictate the time period within which the defendants had to respond to this discovery request. Fed.R.Civ.P. 34(a) provides that a party has thirty (30) days from the service of a request in which to respond thereto. Thus, the defendants properly ignored plaintiff's demand for production of the requested documents within thirteen (13) from the date defendants received that request.

Defendants also point out that producing Ms. Tufono's entire personnel file would violate privacy interests of a non-party and that plaintiff has no need for benefits information and other routine personnel information of Ms. Tufono.

Defendants state that on July 27, 2009, they received a new discovery request from plaintiff, advising that he did not need Ms. Tufono's Last Chance Agreement and that he needed to know how many employees she has called boy and nigger. This request, apparently an Interrogatory, was a handwritten note written at the bottom of Ms. Tufono's Last Chance Agreement plaintiff returned to the defendants and states, as follows:

> Dear Mr. Baker
>
> I do not need Tufono's Last Chance Agreement. I need to know how many employees she has called boy & nigger. Yah [sic] got 10 days, after that I'm gonna ask the court for a hearing on the subject.
>
> Big Willy

See Exhibit C to defendants' response to plaintiff's "second" motion to compel [DE #88].

Defendants viewed this request as a new discovery request. Pursuant to Fed.R.Civ.P. 33, the defendants had thirty (30) days in which to respond to this discovery request. Relying on this rule, defendants state that they planned to respond by August 24, within the 30-day period. However, instead of waiting until the 30-day period had expired, on August 6, 2009, plaintiff filed the present "second" motion to compel discovery from the defendants.

The Magistrate Judge concludes that the defendants correctly viewed plaintiff's handwritten note written at the bottom of Ms. Tufono's Last Chance Agreement as a new discovery request. It was an Interrogatory inquiring as to "how many employees she has called boy & nigger." Pursuant to Fed.R.Civ.P. 33(b)(3), the defendants had thirty (30) days from the date of service in which to answer said Interrogatory. Since plaintiff's second motion to compel discovery was filed prior to the expiration of the 30-day period the defendants had to answer this Interrogatory, plaintiff's second motion to compel discovery was filed prematurely.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's second motion to compel discovery from the defendants and for a hearing [DE #85] is **DENIED** as it is premature.

This 24th day of March, 2010.

Signed By:
*James B. Todd*
United States Magistrate Judge